IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
STEPHEN SILVERBERG,
individually and on behalf of a class,

        Plaintiff,

v.

BAYVIEW LOAN SERVICING LLC,

        Defendant.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 29 2013 ★

LONG ISLAND OFFICE

COMPLAINT – CLASS ACTION

## INTRODUCTION

1.     Plaintiff Stephen Silverberg brings this action to secure redress for unlawful collection practices engaged in by Bayview Loan Servicing LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue and personal jurisdiction in this District are proper because plaintiff received defendant's collection communication in this District.

## PARTIES

4.     Plaintiff Stephen Silverberg is an individual who resides in a single-family home which he owns in Greenlawn, New York.

5.     Defendant Bayview Loan Servicing LLC is a limited liability company chartered under Delaware law. It does business in New York. Its registered agent and office is CT Corporation System, 111 Eighth Avenue, New York, New York, 10011.

6.     Bayview Loan Servicing LLC is engaged in the business of servicing residential mortgage loans.

7.     Many of the loans which Bayview Loan Servicing LLC services are delinquent

1

when Bayview Loan Servicing LLC first becomes involved with them.

8. Bayview Loan Servicing LLC holds itself out as a "special servicer," i.e., one which has expertise in handling delinquent loans and effectively integrating them onto its servicing platform.

9. Bayview has sought out ratings from Fitch and other rating agencies as a special servicer.

10. Bayview Loan Servicing LLC uses the mails and telephone system in conducting its business.

11. Bayview Loan Servicing LLC is a debt collector as defined by the FDCPA.

## FACTS

12. Defendant has been attempting to enforce against plaintiff a residential mortgage loan entered into for personal, family or household purposes, namely, housing.

13. On or about October 30, 2012, defendant sent plaintiff the documents attached as Exhibit A.

14. The documents attached as Exhibit A were the first documents which defendant sent to plaintiff.

15. On information and belief, based on their contents, the documents attached as Exhibit A are form documents intended for use as the initial documents which defendant sends to a borrower whose loan is transferred to it.

16. Bayview alleged or treated plaintiff's loan to be delinquent at the time of the transfer.

17. Exhibit A fails to comply with 15 U.S.C. §1692g in the following respects:

    a. The owner of the loan is not the Bank of New York Mellon trust stated. The alleged interest of the trust depended on a transfer from MERS, which the state courts have held to be invalid.

    b. The letter states that suit may be filed within the validation period, without

2

stating that if the consumer exercises his or her validation rights collection activity will be suspended under validation is provided.

18. On information and belief, defendant has engaged in a pattern and practice of identifying as owner or current creditor entities whose title depended on assignments by MERS.

## COUNT I

19. Plaintiff incorporates paragraphs 1-18.

20. Defendant failed to comply with 15 U.S.C. §1692g with respect to all persons sent documents in the form represented by Exhibit A.

21. Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents.** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(b) Disputed debts.** If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of

3

the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## CLASS ALLEGATIONS

22. Pursuant to Fed. R. Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class and subclass.

23. The class consists of (a) all individuals with addresses in New York (b) to whom Bayview Loan Servicing LLC sent documents in the form represented by Exhibit A (c) addressed to the same address as the "property address," (d) with respect to a loan that Bayview claimed to be more than 30 days behind at the time Bayview began servicing it, according to the records of Bayview, (e) which documents were sent any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

24. The subclass consists of class members whose loans were allegedly transferred to the stated creditor by MERS.

25. The class is so numerous that joinder of all members is not practicable. Based on

Bayview Loan Servicing LLC's size, there are more than 40 class members.

26. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendant's form documents violate the FDCPA.

27. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

28. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

29. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

_/s/ Abraham Kleinman_
Abraham Kleinman

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

6

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

*Abraham Kleinman*

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

T:\27950\Pleading\Complaint_Pleading.wpd

# EXHIBIT A



Bayview Loan Servicing, LLC
4425 Ponce de Leon Blvd, 5th Floor
Coral Gables, FL 33146

October 30, 2012

**DEBT VALIDATION LETTER**

```
************AUTO**3-DIGIT 117
STEPHEN SILVERBERG
```

Loan Number: ▇▇▇▇4479

Property Address: 

Dear Borrower:

Bayview Loan Servicing LLC is seeking to bring your mortgage account current. Bayview Loan Servicing, LLC is currently servicing your loan on behalf of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE (CWALT 2007-14T2), the owner of your loan.

We are attempting to collect a debt and any information obtained will be used for that purpose. As of 10/30/2012 your current amount due on this account is $721,870.25. This debt will continue to accrue interest and you will be responsible for any other incurred expenses related to your debt, which may include additional advances or fees.

Please contact our Loan Counseling Department at 888-326-7191 to resolve this matter. We will continue our efforts to obtain payment of the amount currently due, unless you exercise the rights spelled out below. This is a serious matter, which if left unresolved, may result in damage to your credit rating and the eventual loss of your home.

**YOU HAVE THE FOLLOWING RIGHTS**

THIS DEBT WILL BE ASSUMED TO BE VALID UNLESS YOU DISPUTE ALL OR A PORTION OF ITS VALIDITY WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE. IF YOU NOTIFY THIS OFFICE IN WRITING THAT THE DEBT IS DISPUTED WITHIN 30 DAYS, WE WILL OBTAIN VERIFICATION OF THE DEBT AND WILL MAIL YOU A COPY.

THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR (IF DIFFERENT FROM THE CURRENT CREDITOR) UPON YOUR WRITTEN REQUEST WITHIN 30 DAYS. THE FAIR DEBT COLLECTION PRACTICES ACT PERMITS INSTITUTION OF LEGAL ACTION PRIOR TO THE EXPIRATION OF THE AFOREMENTIONED 30 – DAY PERIOD.

State law requires the following notices. They are not meant to explain all of the rights to which you may be entitled, or to indicate Bayview Loan Servicing LLC is not licensed in your state. The rights described in these state notices, or similar rights, may, depending on state law, apply to you even if you live in another state.

**Residents of Arkansas:** This communication is from Bayview Loan Servicing, LLC. The purpose of this communication is to collect the debt described above. The creditor to which this debt is owed is THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE (CWALT 2007-14T2).

**Residents of California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at

work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm you location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**Residents of Colorado:** If you notify us in writing you want us to cease contact by telephone at your residence or place of employment, we will not make any such further contact.

If you notify us in writing you refuse to pay the debt, or you want us to cease all communication with you, we will not communicate with you further except to advise you we are terminating our collection efforts; to notify you we may invoke specific remedies ordinarily invoked by us; or to notify you we intend to invoke a specified remedy permitted by law.

If you send notice to us by mail, notice will be complete upon our receipt. If you attempt to provide notice verbally, we will advise you the notice must be provided in writing.

**Residents of Iowa, Hawaii, Texas, Vermont and West Virginia:** This communication is from Bayview Loan Servicing, LLC. Bayview Loan Servicing's business address is 4425 Ponce de Leon Blvd., 5th Floor, Coral Gables, FL 33146.

**Residents of Maine and Massachusetts:** You may contact us for additional information concerning your loan by calling 888-326-7191 between the hours of 8:00 am 12:00 am ET Monday through Friday, and between 8:00 a.m. and 5:00 pm ET on Saturday.

**Residents of New York City:** Bayview Loan Servicing, LLC is attempting to collect a debt and that any information obtained will be sued for that purpose. You may dispute this debt or any portion thereof, or request the name and address of the original creditor, by writing to Bayview Loan Servicing at 4425 Ponce de Leon Blvd., 5th Floor, Coral Gables, FL 33146.

**Residents of Washington:**
$721,870.25 was due on your account when we received it for collection. Upon your written request, Bayview Loan Servicing LLC will make a reasonable effort to obtain and provide to you, information on the interest charges, service charges, collection costs, and late charges imposed on your debt before we received it for collection. We cannot guarantee we will be able to obtain this information for you.

Please contact us at our Loan Counseling Department at 888-326-7191 between the hours of 8:00 am 12:00 am ET Monday through Friday, and between 8:00 a.m. and 5:00 pm ET on Saturday or write to us at:

Bayview Loan Servicing LLC,
Attn: Loan Counseling Department, 5th Floor
4425 Ponce De Leon Blvd.
Coral Gables, Florida 33146.

Sincerely,

*Marilyn Coro*

Marilyn Coro, First Vice President
Customer Support
Bayview Loan Servicing, LLC